No. 22-2075

———————————————

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT**

———————————————

**ANGELA SINGLETON,**

*Plaintiff-Appellant*,

**v.**

**MARYLAND TECHNOLOGY DEVELOPMENT CORPORATION,**

*Defendant-Appellee.*

———————————————

On Appeal from the United States District Court for the District of Maryland
(J. Mark Coulson, United States Magistrate Judge)

———————————————

**BRIEF OF APPELLEE**

———————————————

ANTHONY G. BROWN
Attorney General of Maryland

JOSHUA R. CHAZEN
Assistant Attorney General
200 Saint Paul Place
20th Floor
Baltimore, Maryland  21202
jchazen@oag.state.md.us
(410) 576-7058
(410) 576-6995 (facsimile)

August 17, 2023                    Attorneys for Appellee

## UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

### DISCLOSURE STATEMENT

- In civil, agency, bankruptcy, and mandamus cases, a disclosure statement must be filed by **all** parties, with the following exceptions: (1) the United States is not required to file a disclosure statement; (2) an indigent party is not required to file a disclosure statement; and (3) a state or local government is not required to file a disclosure statement in pro se cases. (All parties to the action in the district court are considered parties to a mandamus case.)
- In criminal and post-conviction cases, a corporate defendant must file a disclosure statement.
- In criminal cases, the United States must file a disclosure statement if there was an organizational victim of the alleged criminal activity. (See question 7.)
- Any corporate amicus curiae must file a disclosure statement.
- Counsel has a continuing duty to update the disclosure statement.


No. _22-2075_      Caption: _Angela Singleton v. Maryland Technology and Development Corporation_

Pursuant to FRAP 26.1 and Local Rule 26.1,

_Maryland Technology Development Corporation_
(name of party/amicus)

_____

who is _____appellee_____, makes the following disclosure:
(appellant/appellee/petitioner/respondent/amicus/intervenor)


1.   Is party/amicus a publicly held corporation or other publicly held entity?   ☐YES ☑NO


2.   Does party/amicus have any parent corporations?                              ☐YES ☑NO
     If yes, identify all parent corporations, including all generations of parent corporations:




3.   Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity?                                                ☐YES ☑NO
     If yes, identify all such owners:

4.  Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation?  ☐YES ☑NO
    If yes, identify entity and nature of interest:

5.  Is party a trade association? (amici curiae do not complete this question)  ☐YES ☑NO
    If yes, identify any publicly held member whose stock or equity value could be affected substantially by the outcome of the proceeding or whose claims the trade association is pursuing in a representative capacity, or state that there is no such member:

6.  Does this case arise out of a bankruptcy proceeding?  ☐YES ☑NO
    If yes, the debtor, the trustee, or the appellant (if neither the debtor nor the trustee is a party) must list (1) the members of any creditors' committee, (2) each debtor (if not in the caption), and (3) if a debtor is a corporation, the parent corporation and any publicly held corporation that owns 10% or more of the stock of the debtor.

7.  Is this a criminal case in which there was an organizational victim?  ☐YES ☑NO
    If yes, the United States, absent good cause shown, must list (1) each organizational victim of the criminal activity and (2) if an organizational victim is a corporation, the parent corporation and any publicly held corporation that owns 10% or more of the stock of victim, to the extent that information can be obtained through due diligence.

Signature: /s/ Joshua Ryan Chazen                    Date:      August 17, 2023

Counsel for: Appellee

# TABLE OF CONTENTS

Page

JURISDICTIONAL STATEMENT ...................................................................1

ISSUE PRESENTED FOR REVIEW ...............................................................2

STATEMENT OF THE CASE ..........................................................................2

    Procedural Background ...............................................................................2

    Factual Background .....................................................................................3

        Maryland Technology Development Corporation .................................3

        Allegations in the Complaint.................................................................5

SUMMARY OF ARGUMENT...........................................................................5

ARGUMENT .....................................................................................................7

I.     THE STANDARD OF REVIEW IS DE NOVO FOR DISMISSAL OF THIS ACTION
       FOR LACK OF SUBJECT MATTER JURISDICTION. .................................7

II.    THE ELEVENTH AMENDMENT BARS MS. SINGLETON'S CLAIMS AGAINST
       TEDCO BECAUSE TEDCO IS AN ARM OF THE STATE.......................8

     A.     Maryland is Functionally Liable for the Obligations of TEDCO. ........9

     B.     TEDCO Does Not Exercise a Significant Degree of Autonomy
          from Maryland.................................................................................13

     C.     As Conceded by Ms. Singleton, TEDCO Involves Itself in
          Statewide Concerns. ........................................................................15

     D.     Maryland Established TEDCO to be an Arm of the State and
          Treats TEDCO like a State Agency. ................................................16

CONCLUSION.................................................................................................16

REQUEST FOR ORAL ARGUMENT ............................................................18

CERTIFICATE OF COMPLIANCE ...............................................................18

# TABLE OF AUTHORITIES

Page

## Cases

*Alden v. Maine*, 527 U.S. 706 (1999) ..........................................................8

*Beck v. McDonald*, 848 F.3d 262 (4th Cir. 2017)........................................7

*Campbell v. McCarthy*, 952 F.3d 193 (4th Cir. 2020)................................7

*Cash v. Granville County Bd. of Educ.*, 242 F.3d 219 (4th Cir. 2001) ..............9, 10

*Doe v. Meron*, 929 F.3d 153 (4th Cir. 2019) ............................................7

*Ernst v. Rising*, 427 F.3d 351 (6th Cir. 2001).................................... 11, 12

*Harter v. Vernon*, 101 F.3d 334 (4th Cir. 1996)........................................9

*Hess v. Port Auth. Trans–Hudson Corp.*, 513 U.S. 30 (1994) ........................ 10, 12

*Hutto v. South Carolina Ret. Sys.*, 773 F.3d 536 (4th Cir. 2014) ................... passim

*Hutton v. National Bd. of Examiners, Inc.*, 892 F.3d 613 (4th Cir. 2018) ...............7

*Kerns v. United States*, 585 F.3d 187 (4th Cir. 2009) ................................7

*Maryland Stadium Auth. v. Ellerbe Becket Inc.*, 407 F.3d 255
  (4th Cir. 2005)........................................................................ 14, 15

*Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984)...........................8

*Ram Ditta v. Maryland Nat'l Cap. Park & Plan. Comm'n*,
  822 F.2d 456 (4th Cir. 1987) .................................................... 6, 9, 13

*Regents of the Univ. of California v. Doe*, 519 U.S. 425 (1997)..............................8

*Seminole Tribe of Fla. v. Florida*, 517 U.S. 44 (1996)...........................................10

*United States ex rel. Oberg v. Kentucky Higher Educ. Student Loan Corp.*,
  681 F.3d 575 (4th Cir. 2012) ..............................................................13

ii

*United States ex rel. Oberg v. Pennsylvania Higher Educ.*
    *Assistance Agency*, 745 F.3d 131 (4th Cir. 2014) ................................. 10, 13, 14

*Velasco v. Government of Indonesia*, 370 F.3d 392 (4th Cir. 2004) ........................ 8

## Constitutional Provisions

U.S. Const. amend. XI ...................................................................................... passim

## Statutes

28 U.S.C. § 1291 ............................................................................................... 2

42 U.S.C. § 1981 ............................................................................................... 1

Md. Code Ann., Econ. Dev. § 10-402 (LexisNexis Supp. 2022) ........................ 6, 15

Md. Code Ann., Econ. Dev. § 10-402(b) (LexisNexis Supp. 2022) ............ 4, 13, 16

Md. Code Ann., Econ. Dev. § 10-402(c) (LexisNexis Supp. 2022) ......................... 4

Md. Code Ann., Econ. Dev. § 10-403 (LexisNexis Supp. 2022) ........................ 6, 14

Md. Code Ann., Econ. Dev. § 10-403(h)(2) (LexisNexis Supp. 2022) ................... 15

Md. Code Ann., Econ. Dev. § 10-405 (LexisNexis Supp. 2022) ............................ 6

Md. Code Ann., Econ. Dev. § 10-405(b)(1) (LexisNexis Supp. 2022) ................... 15

Md. Code Ann., Econ. Dev. § 10-408 (LexisNexis Supp. 2022) ................. 5, 14, 15

Md. Code Ann., Econ. Dev. § 10-411 (LexisNexis Supp. 2022) .................. 5, 6, 10

Md. Code Ann., Econ. Dev. § 10-414 (LexisNexis Supp. 2022) ........................ 5, 14

Md. Code Ann., Econ. Dev. § 10-415 (LexisNexis Supp. 2022) .................... 13, 14

Md. Code Ann., Econ. Dev. § 10-415(a)(1) (LexisNexis Supp. 2022) .................... 4

Md. Code Ann., Econ. Dev. § 10-415(a)(2) (LexisNexis Supp. 2022) .................... 5

Md. Code Ann., Econ. Dev. § 10-469(b) (LexisNexis Supp. 2022) ...................... 12

Md. Code Ann., Econ. Dev. § 10-469(d)(2) (LexisNexis Supp. 2022) ................... 12

Md. Code Ann., State Gov't § 12-101(a)(2)(vi) (LexisNexis 2021) ....................... 16

Md. Code Ann., State Gov't § 20-601 (LexisNexis 2021)........................................1

Md. Code Ann., State Gov't § 20-602 (LexisNexis 2021)........................................1

Md. Code Ann., State Gov't § 20-603 (LexisNexis 2021)........................................1

Md. Code Ann., State Gov't § 20-604 (LexisNexis 2021)........................................1

Md. Code Ann., State Gov't § 20-605 (LexisNexis 2021)........................................1

Md. Code Ann., State Gov't § 20-606 (LexisNexis 2021)........................................1

Md. Code Ann., State Gov't § 20-607 (LexisNexis 2021)........................................1

Md. Code Ann., State Gov't § 20-608 (LexisNexis 2021)........................................1

Md. Code Ann., State Gov't § 20-609 (LexisNexis 2021)........................................1

Md. Code Ann., State Gov't § 20-610 (LexisNexis 2021)........................................1

Md. Code Ann., State Gov't § 20-611 (LexisNexis 2021)........................................1

No. 22-2075

_____

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

_____

**ANGELA SINGLETON,**

*Plaintiff-Appellant,*

v.

**MARYLAND TECHNOLOGY DEVELOPMENT CORPORATION,**

*Defendant-Appellee.*

_____

On Appeal from the United States District Court for the District of Maryland
(J. Mark Coulson, United States Magistrate Judge)

_____

**BRIEF OF APPELLEE**

_____

## JURISDICTIONAL STATEMENT

In this civil action, plaintiff, Angela Singleton, filed a five-count complaint alleging defamation, violations of Section 1981 of the Civil Rights Act of 1866 ("Section 1981"), 42 U.S.C. § 1981, and violations of the Maryland Fair Employment Practices Act ("MFEPA"), codified at §§ 20-601 – 20-611 of the State Government Article.  On September 8, 2022, the District Court dismissed the

complaint for lack of subject matter jurisdiction in a memorandum opinion and order (JA28-40, JA53).

Ms. Singleton filed a notice of appeal on October 8, 2022. (JA54).[1] This Court has jurisdiction to review the District Court's final judgment under 28 U.S.C. § 1291.

## ISSUE PRESENTED FOR REVIEW

Did the District Court correctly dismiss the lawsuit because the Maryland Technology Development Corporation is an arm of the State and thus entitled to Eleventh Amendment immunity?

## STATEMENT OF THE CASE

### Procedural Background

Ms. Singleton filed this suit against the Maryland Technology Development Corporation ("TEDCO") on April 22, 2022. (JA4). In the complaint, Ms. Singleton asserted five counts against TEDCO. (JA16-22). First, Ms. Singleton alleged that TEDCO violated Section 1981 by committing racial discrimination. (JA16). Second, Ms. Singleton alleged that TEDCO violated Section 1981 by retaliating against her. (JA16-17). Third, Ms. Singleton alleged that TEDCO violated MFEPA

---

[1] Although the notice in the Joint Appendix appears incomplete, Ms. Singleton filed a completed form in the district court on October 8, 2022, which the District Court docketed on the same day. (ECF No. 18.)

by committing sex and race-based discrimination.  (JA17-18).  Fourth, Ms. Singleton alleged that TEDCO violated MFEPA by retaliating against her.  (JA18-19).  Finally, Ms. Singleton alleged that TEDCO defamed her.  (JA19-22).

On June 8, 2022, TEDCO moved to dismiss for lack of subject matter jurisdiction on sovereign immunity grounds and for failure to state a claim.  (JA2).  Ms. Singleton filed an opposition to the motion to dismiss on July 18, 2022.  (JA2).  TEDCO filed a reply in support of its motion on August 1, 2022.  (JA2).  On September 8, 2022, the District Court issued a memorandum opinion in which it granted TEDCO's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) (JA28, JA30, JA40), and issued an order to that effect on the same date (JA2).

**Factual Background**

**Maryland Technology Development Corporation**

Twenty-five years ago, Maryland launched TEDCO "with the mission to provide early investment and to help build Maryland-based technology companies." (JA41).  "TEDCO also aims to help commercialize the results of scientific research and development[.]"  (JA41).  Since fiscal year 2016, TEDCO also operates the Maryland Venture Fund.  (JA41).  Beginning in fiscal year 2021, TEDCO provided relief to businesses impacted by the COVID-19 pandemic.  (JA42-43).

3

TEDCO "is a body politic and corporate and is an instrumentality of the State." Md. Code Ann., Econ. Dev. § 10-402(b) (LexisNexis Supp. 2022). TEDCO's purposes are to:

> (1) assist in the transferring to the private sector the results and products of scientific research and development conducted by colleges, universities, and federal research institutions in the State;
> (2) assist in commercializing those results and products;
> (3) assist in commercializing technology developed in the private sector;
> (4) foster the commercialization of research and development conducted by colleges, universities, and the private sector to create and sustain businesses throughout all regions of the State;
> (5) generally assist early-stage and start-up businesses in the State;
> (6) invest in Maryland-based technology companies and promote the commercialization and growth of technology companies and jobs in the State;
> (7) build a long-term entrepreneurial capacity and sustained venture capital presence in the State;
> (8) create pathways to follow-on financing in the State; and
> (9) foster inclusive and diverse entrepreneurship and innovation throughout the State, which may include initiatives to raise awareness of programs to assist small, minority, and women-owned businesses through marketing and other efforts.

*Id.* § 10-402(c).

Each year, TEDCO must report to the Governor, the Maryland Economic Development Commission, and the General Assembly. *Id.* § 10-415(a)(1). The information that TEDCO must report includes "a complete operating and financial statement covering [TEDCO]'s operations," "a summary of [TEDCO]'s activities

during the preceding fiscal year," and "information on all salaries and any incentives approved by the Board for [TEDCO] employees." *Id.* § 10-415(a)(2). TEDCO is subject to audit "at any time by the State." *Id.* § 10-414.

TEDCO's "employees are not considered State employees." (JA43). And an obligation or liability of TEDCO is not an obligation or liability of the State. Econ. Dev. § 10-411. But TEDCO receives its budget annually in the form of a grant from Maryland. (JA43). The duties and powers of TEDCO do not allow it to acquire insurance or participate in an insurance program. Econ. Dev. § 10-408.

### Allegations in the Complaint

According to the complaint, Ms. Singleton is an African American, female entrepreneur and investor. (JA5). While affiliated with TEDCO from 2012 to 2020, Ms. Singleton held several titles and worked for different funds. (JA5-6). Ms. Singleton alleged that she began to experience and witness racial and sex-based discrimination beginning in 2016. (JA6). Ms. Singleton further alleged that she brought these incidents to the attention of employees at TEDCO. (JA7-10). Ms. Singleton believed that she was the target of a retaliatory defamation campaign, which resulted in her termination on June 19, 2020. (JA10-16).

### SUMMARY OF ARGUMENT

The Eleventh Amendment to the United States Constitution bars Ms. Singleton's claims for damages against TEDCO. The State of Maryland has not

waived its Eleventh Amendment immunity with regard to TEDCO, and no exception to Eleventh Amendment immunity applies in this case.

As an instrumentality of the State, TEDCO enjoys the same Eleventh Amendment protection and sovereign immunity as the State itself.  This Court evaluates whether an entity is an arm of the state by looking at four nonexclusive factors:  (1) "whether the state treasury will be responsible for paying any judgment that might be awarded," (2) "whether the entity exercises a significant degree of autonomy from the state," (3) "whether [the entity] is involved with local versus statewide concerns," and (4) "how [the entity] is treated as a matter of state law." *Ram Ditta v. Maryland Nat'l Cap. Park & Plan. Comm'n*, 822 F.2d 456, 457-58 (4th Cir. 1987) (citations omitted).

This framework establishes that TEDCO is an arm of the State.  First, although an obligation or liability of TEDCO is not an obligation or liability of the State, Econ. Dev. § 10-411, Maryland maintains functional liability over the liabilities of TEDCO because it provides funding to TEDCO through the State's annual budget. (JA41-43).  Second, TEDCO operates through the acts of a State-appointed board of directors, Econ. Dev. § 10-403, and receives legal support from the Maryland Office of the Attorney General. *Id.* § 10-405.  Third, TEDCO's purposes focus on statewide concerns and not local concerns. *Id.* § 10-402.  Fourth, TEDCO is a creation of statute and specifically established as an instrumentality of the State. *Id.*  All four

factors weigh in favor of finding that TEDCO is an arm of the State, and this Court should affirm the decision of the District Court.

## ARGUMENT

### I. THE STANDARD OF REVIEW IS DE NOVO FOR DISMISSAL OF THIS ACTION FOR LACK OF SUBJECT MATTER JURISDICTION.

This Court reviews a district court's grant of a motion to dismiss for lack of subject matter jurisdiction on Eleventh Amendment immunity under a *de novo* standard of review. *Campbell v. McCarthy*, 952 F.3d 193, 202 (4th Cir. 2020) (citing *Doe v. Meron*, 929 F.3d 153, 163 (4th Cir. 2019)). This Court concluded "that sovereign immunity is akin to an affirmative defense, which the defendant bears the burden of demonstrating." *Hutto v. South Carolina Ret. Sys.*, 773 F.3d 536, 543 (4th Cir. 2014).

A Rule 12(b)(1) motion proceeds as either a facial challenge or a factual challenge. *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (citation omitted). In a facial challenge, "the defendant must show that a complaint fails to allege facts upon which subject-matter jurisdiction can be predicated." *Hutton v. National Bd. of Examiners, Inc.*, 892 F.3d 613, 621 n.7 (4th Cir. 2018) (citing *Beck v. McDonald*, 848 F.3d 262, 270 (4th Cir. 2017)). In a factual challenge, "the defendant maintains that the jurisdictional allegations of the complaint are not true," *id.*, and the court "may regard the pleadings as mere evidence on the issue and may

consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Velasco v. Government of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004).

## II.   THE ELEVENTH AMENDMENT BARS MS. SINGLETON'S CLAIMS AGAINST TEDCO BECAUSE TEDCO IS AN ARM OF THE STATE.

The Eleventh Amendment to the United States Constitution states: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another state, or by Citizens or subjects of any Foreign State." U.S. Const. amend. XI.   The Supreme Court noted, however, that, in addition to providing a jurisdictional bar, the Eleventh Amendment confirmed the original sovereignty of the states.  *Alden v. Maine*, 527 U.S. 706, 728-29 (1999).  As a result, States may not be subject to suit absent their consent.[2]  *Id.* at 716-17.

State sovereign immunity extends not only to suits against a State itself, but also against those entities that are "arms" or "instrumentalities" of a State.  *See Regents of the Univ. of California v. Doe*, 519 U.S. 425, 429 (1997); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984).   When determining

---

[2] Ms. Singleton does not argue that the State consented to suits against TEDCO.  Nor does Ms. Singleton argue that any other exception applies (such as through congressional abrogation under the Fourteenth Amendment, or pursuant to the *Ex Parte Young* doctrine).

whether an entity is an instrumentality of the State, this Court utilizes a four-factor test:

> (1) "whether the state treasury will be responsible for paying any judgment that might be awarded," (2) "whether the entity exercises a significant degree of autonomy from the state," (3) "whether [the entity] is involved with local versus statewide concerns," and (4) "how [the entity] is treated as a matter of state law."

*Ram Ditta*, 822 F.2d at 457-58 (citations omitted); *see also Cash v. Granville County Bd. of Educ.*, 242 F.3d 219, 224 (4th Cir. 2001). Here, all four factors set forth above weigh in favor of finding that TEDCO is an arm of the State.

### A.    Maryland is Functionally Liable for the Obligations of TEDCO.

The first factor, which is "the most important consideration[,] is whether the state treasury will be responsible for paying any judgment that might be awarded." *Ram Ditta*, 822 F.3d at 457. If a judgment entered against a governmental entity results in the state treasury paying the judgment, then Eleventh Amendment immunity applies to that entity. *Hutto*, 773 F.3d at 543 (quoting *Cash*, 242 F.3d at 223). This factor is so important that if the state will pay the judgment, the entity is immune, and the court need not consider any other factors. *Harter v. Vernon*, 101 F.3d 334, 337 (4th Cir. 1996).

Even if a suit against an entity does not subject the state to *legal* liability, arm-of-the-state status may still be found where the state faces *functional* liability. *United States ex rel. Oberg v. Pennsylvania Higher Educ. Assistance Agency*, 745

F.3d 131, 137 (4th Cir. 2014) (citations omitted) (hereinafter "*Oberg II*"). "Where an agency is so structured that, as a practical matter, if the agency is to survive, a judgment must expend itself against state treasuries, common sense and the rationale of the Eleventh Amendment require that sovereign immunity attach to the agency." *Hess v. Port Auth. Trans–Hudson Corp.*, 513 U.S. 30, 50 (1994) (quotation marks and alterations omitted). Even when the state treasury does not face a direct financial burden, sovereign immunity nonetheless also applies where a "governmental entity is so connected to the State that the legal action against the entity would, despite the fact that the judgment will not be paid from the State treasury, amount to 'the indignity of subjecting a State to the coercive process of judicial tribunals at the instance of private parties.'" *Cash*, 242 F.3d at 224 (quoting *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 58 (1996)).

This first factor thus weighs in favor of concluding that TEDCO is an arm of the State. It is true that an obligation or liability of TEDCO is not an obligation or liability of Maryland or a pledge of the credit of Maryland. Econ. Dev. § 10-411. But this points only to the Maryland Treasurer not being legally liable, and the remaining characteristics of TEDCO, and the State, point to the State being functionally liable for the obligations of TEDCO. Much like this Court's conclusion in *Hutto*, Maryland remains functionally liable for any judgment against TEDCO. *Hutto*, 773 F.3d at 544.

In *Hutto*, this Court affirmed the dismissal of claims brought by a class of South Carolina public employees against the South Carolina retirement system, concluding that the retirement system was an arm of the State of South Carolina. *Id.* at 540. Much like the potential impact to the South Carolina retirement system in *Hutto*, whether a judgment in favor of Ms. Singleton renders TEDCO insolvent "is of little consequence" when analyzing whether Maryland will be responsible for paying any judgment. *Id.* at 545. In *Hutto*, this Court looked at "whether, hypothetically speaking, the state treasury would be subject to 'potential legal liability' *if* the retirement system did not have the money to cover the judgment." *Id.* (emphasis in original) (quoting *Ernst v. Rising*, 427 F.3d 351, 362 (6th Cir. 2005)). In this regard, there is no difference between the South Carolina retirement system and TEDCO, and this Court should make the same determination by confirming TEDCO is an arm of the State.

Ms. Singleton, however, highlights that because a single fund within TEDCO, the Enterprise Fund, is a source to pay the legal expenses of TEDCO, TEDCO cannot be an arm of the State. Appellant Br. 16. This fact, even if represented accurately to this Court, cannot defeat all the substantial control evidence explained above. Ms. Singleton agrees that the State can provide funds to the Enterprise Fund. Appellant Br. 16 n.8. And although TEDCO may use the Enterprise Fund to pay the legal expenses of TEDCO, which may or may not include satisfaction of judgments, the

statute does not mandate that TEDCO do so.  Econ. Dev. § 10-469(b).  Furthermore, the Treasurer holds the Enterprise Fund and the Comptroller accounts on behalf of TEDCO.  *Id.* § 10-469(d)(2).

Ms. Singleton, like the plaintiffs in *Hutto*, fails "to come to grips with the fiscal reality that the State's funding requirement assuredly *could* increase" if TEDCO used "its current and future funding to pay off a judgment against it."  773 F.3d at 545 (emphasis in original) (quoting *Ernst*, 427 F.3d at 362).  The operating budget for TEDCO comes mostly from the State.  (JA41).  The State exercises control and dominion over TEDCO.  As the District Court noted, TEDCO has no statutory power to acquire insurance or participate in an insurance program offered by another state entity.  (JA35).

Accordingly, the State maintains functional liability over the obligations of TEDCO.  Stated differently, if the expenditures of TEDCO exceed receipts, Maryland retains the obligation to bear and pay the resulting indebtedness.  *See Hutto*, 773 F.3d at 546 (quoting *Hess*, 513 U.S. at 51).  And any judgment that depletes funds provided by the State for a particular state purpose infringes directly on sovereign interests, further implicating the Eleventh Amendment.  Therefore, TEDCO enjoys sovereign immunity, making dismissal of this action for lack of subject matter jurisdiction the appropriate relief.  For these reasons, this Court should affirm the District Court.

## B.     TEDCO Does Not Exercise a Significant Degree of Autonomy from Maryland.

Although the fact that Maryland retains functional liability concludes the analysis, if this Court finds that the first factor weighs against TEDCO being an arm of the State, the Court looks at the remaining three factors. *See Ram Ditta*, 822 F.2d at 457-58. Analysis of the next factor highlights that TEDCO does not exercise a significant degree of autonomy from Maryland. Under the "degree-of-state-control factor," this Court considers "who appoints the entity's directors or officers, who funds the entity, and whether the State retains a veto over the entity's actions." *Oberg II*, 745 F.3d at 137 (quoting *United States ex rel. Oberg v. Kentucky Higher Educ. Student Loan Corp.*, 681 F.3d 575, 580 (4th Cir. 2012) (quotation marks omitted) (hereinafter "*Oberg I*")). The Court also assesses whether the entity "has the ability to contract, sue and be sued, and purchase and sell property, and whether it is represented in legal matters by the state attorney general." *Oberg II*, 745 F.3d at 137.

Here, there is no support for Ms. Singleton's argument that TEDCO has such a private character as to overcome it being an instrumentality of the State. *See* Appellant Br. 13-19. First, the Legislature indisputably established TEDCO as an instrumentality of the State, codifying legislative intent. Econ. Dev. § 10-402(b). And in granting TEDCO its powers and authorities, the State retained control and ownership over the operations of TEDCO. Econ. Dev. § 10-415. For example,

13

TEDCO's board of directors consists of the Maryland Secretary of Commerce, 14 Governor-appointed members, two members appointed by the President of the Maryland Senate, and two members appointed by the Speaker of the Maryland House of Delegates. *Id.* § 10-403. TEDCO must provide annual reports that include a complete operating and financial statement. *Id.* § 10-415. On top of this, the State may audit TEDCO at any time. *Id.* § 10-414.

The present case is most similar to *Maryland Stadium Auth. v. Ellerbe Becket Inc.*, 407 F.3d 255 (4th Cir. 2005). In that case, this Court applied the four-factor test from *Ram Ditta* to conclude that the University System of Maryland was an arm of the State. *Id.* at 256. This Court found that all the members of the University System's board "are either appointed by the Governor with the advice and consent of the Maryland Senate or are state officers." *Id.* at 264. The Court also relied heavily on the fact that the University received appropriations, had its income handled by the State Treasurer, lacked the power to tax, and received representation from the Maryland Office of the Attorney General. *Id.* at 264-65.

Although TEDCO may enter into contracts, sue or be sued, or acquire and sell property, Econ. Dev. § 10-408, these facts are not conclusive in establishing TEDCO's autonomy from the State. *Oberg II*, 745 F.3d at 139. As noted above, the fact that the members of TEDCO's board of directors receive appointments from other State officials shows that TEDCO remains beholden to the State. *See Hutto*,

14

773 F.3d at 547. And such fact is a key indicator of state control. *Ellerbe Becket Inc.*, 407 F.3d at 264 (citations omitted). Not only does the Governor retain the ability to remove an appointed member of TEDCO's board, Econ. Dev. § 10-403(h)(2), TEDCO receives representation in legal matters from the Maryland Office of the Attorney General. *Id.* § 10-405(b)(1). TEDCO receives appropriations from the State (JA41), and TEDCO has no ability to tax. Econ. Dev. § 10-408.

For these reasons, TEDCO does not exercise a significant degree of autonomy from the State. This factor weighs in favor of concluding that TEDCO is an arm of the State.

### C.    As Conceded by Ms. Singleton, TEDCO Involves Itself in Statewide Concerns.

TEDCO provides investment and support to companies, institutions, laboratories, and organizations throughout the State. (JA41). Indeed, one of TEDCO's statutory purposes is to "invest in Maryland-based technology companies and promote the commercialization and growth of technology companies and jobs in the State . . . and to foster inclusive and diverse entrepreneurship and innovation *throughout the State*[.]" Econ. Dev. § 10-402 (emphasis added). Ms. Singleton concedes that TEDCO primarily handles statewide concerns. Appellant Br. 25. Accordingly, this factor favors TEDCO as being an instrumentality of the State.

### D.  Maryland Established TEDCO to be an Arm of the State and Treats TEDCO like a State Agency.

As Ms. Singleton acknowledges, prior to the district court's findings, there was no case law stating that TEDCO was an arm of the State.  Appellant Br. 27.  But contrary to Ms. Singleton's assertions, there is not a lack of statutes and regulations supporting that the State treats TEDCO like a state agency.

The Maryland legislature intended for TEDCO to be an arm of the State when it established the entity as "an instrumentality of the State."  Econ. Dev. § 10-402(b).  Additionally, under the Maryland Tort Claims Act, state personnel include employees and officials at TEDCO.  State Gov't § 12-101(a)(2)(vi).  This, along with the other factors identified, supports a determination that TEDCO is an arm of the State.

## CONCLUSION

This Court should affirm the judgment of the United States District Court for the District of Maryland.

16

Respectfully submitted,

ANTHONY G. BROWN
Attorney General of Maryland

/s/ Joshua R. Chazen
_____
JOSHUA R. CHAZEN
Assistant Attorney General
200 Saint Paul Place
20th Floor
Baltimore, Maryland  21202
jchazen@oag.state.md.us
(410) 576-7058
(410) 576-6995 (facsimile)

Attorneys for Appellee

## REQUEST FOR ORAL ARGUMENT

The Appellee respectfully requests that the Court hear oral argument in this appeal. The Appellee submits that oral argument would aid the Court in its disposition of this appeal, in which the parties disagree as to the "arm-of-the-state" status of the Maryland Technology Development Corporation.

## CERTIFICATE OF COMPLIANCE

1.    This brief complies with the type volume limitations of Federal Rule of Appellate Procedure 32(a)(7)(B) because this brief contains 3,533 words, excluding the parts of the brief exempted by Rule 32(f).

2.    This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Rule 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in Fourteen point, Times New Roman.

/s/ Joshua R. Chazen

_____

Joshua R. Chazen

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT**

|  |  |  |
|---|---|---|
| | * | |
| ANGELA SINGLETON, | | |
| | * | |
| *Plaintiff-Appellant*, | | |
| v. | * | No. 22-2075 |
| | | |
| MARYLAND TECHNOLOGY | * | |
| DEVELOPMENT CORPORATION, | | |
| | * | |
| *Defendant-Appellee*. | | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**CERTIFICATE OF SERVICE**

I certify that, on this 17th day of August, 2023, the Brief of Appellee was filed

electronically and served on counsel of record who are registered CM/ECF users.


Denise M. Clark, Esq.
1100 Connecticut Ave., N.W.
Suite 920
Washington, District of Columbia  20036
dmclark@benefitcounsel.com

Philip B. Zipin
Zipin, Amster & Greenberg, LLC
8757 Georgia Avenue
Suite 400
Silver Spring, Maryland  20910


/s/ Joshua R. Chazen
_____
Joshua R. Chazen